**Edwin Antonio SALAZAR–MALAGON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71121.**
**Agency No. A76–600–008.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

Maile M. Hirota, Gordon T. Yang, Lynch Ichida Thompson & Kim, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, HI-District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, John C. Cunning-

ham, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, RYMER and BEA, Circuit Judges.

MEMORANDUM**

Edwin Antonio Salazar–Malagon, native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") denial of his application for voluntary departure and his request for a continuance. We deny in part and dismiss in part the petition.

The IJ did not abuse her discretion by denying Salazar–Malagon's request for an indefinite continuance pending the adjudication of his mother's motion to reopen because several continuances had already been granted. *See* 8 C.F.R. § 1003.29 (permitting IJ to "grant a motion for continuance for good cause shown"); *Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (holding that denial of request for continuance based on unpredictable events was not an abuse of discretion after multiple continuances had already been granted).

We lack jurisdiction to review the BIA's denial of Salazar–Malagon's request for voluntary departure. *See* 8 U.S.C. § 1229c(f); *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003) (holding that section 1229c(f) divests the court of jurisdiction to review the BIA's voluntary departure determinations). Further, we lack jurisdiction to consider petitioner's challenge to the IJ's interpretation of INA § 240B(a) because he did not raise it on appeal to the BIA. *See Cortez–Acosta v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*INS*, 234 F.3d 476, 480 (9th Cir.2000) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust all administrative remedies available ... and deprives this court of jurisdiction to hear the matter.").

Our decision in *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), forecloses Salazar–Malagon's contention that the jurisdictional bar violates the due process and separation of powers clauses.

Salazar–Malagon's contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**[1]

---

1. We grant the motion of the American Immigration Law Foundation for leave to file an amicus curiae brief in support of petitioner. The arguments raised in the brief are foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003).

